May it please the court counsel for the respondent my client mr. Brown I had an opportunity to review the court's orders stating to be I'm sorry he's a respondent he was a pound I'm sorry mr. Brown is the appellant I was may it can on the respondent okay I'm sorry I I got it you are representing a pound I represent the appellant Douglas Brown okay yes it's a case against the city of Caldwell entirely in the state law entirely under state law why shouldn't we send it to the Idaho Supreme Court it looks like a close question undetermined by you know why shouldn't we send this to Idaho and tell her let them tell us it's an important statute it's the Idaho whistleblower act I would think that's something that the I don't know pretty empty argument I'm just as I was reading this case I mean we have a number of cases on the calendar today that might raise that issue but this one in particular struck me as one that yes I'd essentially in my mind have to flip a coin as to how to interpret I don't mean literally I just meant you know it's it's a it's it's close yes why is that the kind of case that we would send to the state Supreme Court and see whether they'd be willing to help us out I'm not so certain it wouldn't be the type of case you would send it to Supreme Court and let them chew on it and figure it out we're here before the Ninth Circuit this morning making your argument and but you we do have that we do have that just another trip to Moscow right that's where the Supreme Court well it's actually in Boise Idaho okay yes I mean it their question your honor I don't know how to answer it other than that perhaps the Idaho Supreme Court would care to take a look at it we don't believe on appeal that it's as close as perhaps okay why don't you go ahead with the argument thank you the order was for us to talk about as a matter of first impression whether or not the Idaho Supreme Court would adopt a but-for standard on causation under the Idaho Whistleblower Act we submit that the Idaho Supreme Court would not do that we don't believe that it would really have much ground to get even necessarily close to doing that in Idaho like I imagine every jurisdiction the objective of statutory construction is to discern the intent of the legislature the express intent of the legislature in this particular case yes and so of course the keyword here is because right yes I believe it is the key word and this a judge I find this to judge very fine district well-steeped in Idaho law yes sir looks at it and says because means but for you know something can be because if doing it would have made a so it has to be the straw that breaks the camel's back or the you know the thing that causes to go over the top just strikes me as entirely plausible if of reading a statute I wouldn't say it's entirely essential construction is not easy it's not easy but it seems to me this is just one easy way of looking at it's not because if it's not but for yes well the district court here certainly grabbed on to the language of the word because in the statute and found that it necessitated a but-for standard we argue an appeal that it does not necessitate a but-for standard and I turn primarily to 6-2101 which is the talks about how the whistleblower act is designed to protect the integrity of the government that's the stated legislative purpose of the act and then the legislature also provides a mechanism as to how we are going to protect the integrity of the government and that is by granting a cause of action to public employees who have suffered adverse action in the employment arena for did you you objected to the interpretation of the district court did you offer an alternative jury instruction I don't believe we did offer a written alternative well maybe not written did you did you say here's what we would like instead so let's say we rejected but-for or we wanted to consider rejecting it by contrasting it to what else we would say what would be the alternative and did you present that to the district court yes we presented a jury instruction that set forth the prima facie case under the whistleblower act and then under the verdict form we talked about the whistleblower act and talked about how on the causation standard if the government's motive is or if retaliation is a motivating factor of the government in causing the adverse action then that motivating factor would be the standard just so just so I understand so under the district court's interpretation has to be the factor that's operative whether your interpretation is if it was a multiplicity of factors and one of them was retaliation that would be enough I'm not trying to put words in your mouth I'm just trying to I believe that's my understanding of but if you accept what judge Kaczynski has just suggested to you and I would agree that's the best you can do there's a little problem with that because can mean two things it can be be a cause or be the cause right you don't like be the cause that's but for you like be a cause listen to this portion of the instruction to which you objected to that means that mr. Brown's claim cannot succeed unless his communication and good faith of an actual or suspected violation of law rule or regulation played a role in the city's decision to take adverse action against him and had a determinative effect influence on the outcome his communication of an actual or suspected violation need not be the only cause so therefore didn't you get a be a cause rather than be the cause instruction other than well I would disagree with that you could argue to the jury that this instruction allows recovery based on retaliation even though there were other causes for his being sanctioned that's true did you argue that I believe we did yes the jury didn't buy it the last section of this very inner inner instruction that you're looking at excuse me instruction number 18 that's where you find the but for language right but it also comes along with it need not be the only cause so but for is a little bit limbed off isn't it sanded well I don't know I mean I believe that not only only cause the language but for in and of itself suggests that it doesn't have to necessarily be the only motive and we don't have to prove that it's the only motive we have to prove that it would be the thrust of the motive and we believe that's contrary to the purpose of the whistleblower act because it's designed to protect the integrity of the government and if that's the design why do we want to create a stiffer burden for the employees see here's what we get back to my question my original question and that is what alternative did you put before this record I understand as bear has pointed out this instruction has parts that are helpful to you and parts that are less helpful to you so and you could have argued based on this look ladies and gentlemen the jury it doesn't have to be the only cause but I I think you're right that you could have done something that would have been more helpful to you and then my question is if we before we reverse a district judge before we set aside a verdict I would like to see what did you give the district judge as an alternative to say look here's the better way or here's the third way judge I accept this instead if you didn't I have a hard time reversing the best I can do is point you to our verdict form that we did submit to which is what which is where it's in excerpt of record volume number two okay and what page page 69 and it's question one there it's so tiny lawyers never think that people actually have to read these things question one was Douglas Brown's this is so this is what I'm looking at right now is your version of the special verdict form right yes Jim was Douglas Brown's participation or involvement in a protected activity as the findings instructions a motivating factor in determination or other adverse employment action and so we asked the court to take a look at the language but this is not an instruction did you have an instruction to match it we did it's instruction number four in the same excerpt of record on page 88 where we set forth the elements of the prima facie case let me just get to that okay and which part of this helps it this instruction outlines the three elements of the prima facie case the third element there would be the causation prong where we talk about a causal connection which is right out of the language from the Idaho Supreme Court opinions and then of course when you get to the you read these elements in the jury instructions and then of course the jury reads it and then gets to the verdict form and sees the reference to motivating factor and we believe that that's the standard that our legislature intended for the whistleblower act primarily based on that statute 6-2101 that talks about the purpose of the act and it's designed to protect the integrity of the government and that is unique in in employment arena statutes this Idaho legislature is we submit not going to create a more difficult burden a but-for type burden on an employee in the public employment sector when that same legislature gave that very same employee that legal cause of action to protect the integrity of the government and if we really want to give the employee a cause of action to protect the integrity of the government what do you make of Hathaway? Hathaway v. Board of Regents? Hathaway v. Board of Regents I believe was a recent decision from the Idaho Supreme Court and I don't know that I could recount for you the facts of the case but I didn't believe that it really weighed in on the subject matter well it interpreted a statute that it was an age discrimination statute the language is because of or in the basis of age Idaho code 67-59091 and they said but-for yes your honor and in that particular case what the Supreme Court did is there's a legislative mandate under the Idaho Human Rights Act that our courts are to look to the federal law to embody the policies of federal law when adjudicating cases brought under the either title 7 the Idaho legislative legislative enactment combines the title 7 theories with the disability theories and age theories and so in that particular act at Idaho code 67-5901 paren 1 the legislature indicated that it wanted our courts to embody federal procedure and so that's why the court went off in the direction it did in that particular case it followed the gross case another age discrimination case it talks about but-for but we believe it's distinguished from our action about a minute left you want to save it I would like to save it thank you okay we'll hear from the other side thank you members of court counsel I'm Bruce Castleton I represent the city of Caldwell Idaho in this proceeding I would say that the case of Hathaway is very helpful in this court's consideration of what the Idaho Supreme Court would do with the causation factor under a state whistleblower claim what's your answer to Chief Judge Kaczynski's question regarding certifying this question to the Idaho Supreme Court I would refer to the answer that was given in one of the previous cases which is we would certainly prefer to the court to consider here because I think that there's more than enough basis for this court to consider the question but at the same time I can't disagree that this would be a very good question that would go through certification to the Idaho Supreme Court where obviously that court is the ultimate determiner of Idaho law or the Idaho statute it's not just Idaho law but Idaho law dealing with government employees right correct your honor that's right which is I would which is I would think of I mean possibly certainly of particular interest to the state Supreme Court and and people of Idaho to make sure it's decided according to correctly according to Idaho law right I would certainly agree there's a large state interest that's involved in this particular case in this subject matter and this statute and at the same time there's a great lack of any guidance as to this particular question although again with the Hathaway decision I think we have very substantial indirect authority that I think would translate directly to the Hathaway taking what your learned friend just said they directed the state to follow federal law regarding age discrimination is there any similar direction with respect to retaliation in this case well I think first of all I think the answer is yes first of all in Hathaway the second claim that was determined by the Idaho Supreme Court was a retaliation claim albeit under the state's Idaho the state's Human Rights Act however in dealing with that the Hathaway court set forth a prima facie case for state retaliation that is identical to the prima facie case that was established by the same court in Curley which is one of the seminal whistleblower cases that the court is familiar with it established the same three prongs which incidentally are the same three prongs that this court established for a Title VII retaliatory claim under the Villarimo case it's also in the Hathaway case that the Idaho Supreme Court cites to the Villarimo case to say to touch upon matters of evidence in a retaliation claim again that's not a direct link but that is the Idaho Supreme Court is being persuaded by this court's ruling what's also significant in Villarimo is that this court found with a Title VII retaliation claim that that many but for a causation standard in fact this court held similarly to jury instruction number 18 well let me let me ask you this let's say we looked at it and we said the but for interpretations wrong we disagree with it and we think that the Idaho Supreme Court would hold otherwise is instruct is instruction given prejudicially is it wrong at all given if we assume that's what the law is the but for causation well the the instruction the instruction is somewhat ambiguous it seems to blow both ways right and I'm just wondering let's say that we think the but for part is wrong is that instruction on I don't believe it is because if you go to this court's decision in Villarimo it the language is substantially similar to similar to jury instruction 18 that this court held in Villarimo to establish causation the plaintiff's must show by a preponderance of the evidence that engaging in the protective activity was one of the reasons for his firing and that but for such activity he would not have been fired that's similar to instruction 18 where the jury needs to find that the protective activity was part of the reason at least part of the reason for the adverse employment action but then to take the additional step and say that but for that protective activity he would not have been terminated and I think that that's what uniform here between this court's decision and jury instruction 18 and when you tie the Villarimo case over to Hathaway I think we have a substantial link in terms of what the Idaho Supreme Court would look to but I understand that that's an indirect link and what I would also point to in the curly decision which did not involve the federal anti-discrimination statutes and so the guidance that were given as my as counsel had alluded to that well if we're dealing with human or discrimination statutes we always look to federal which is typically true in Idaho cases in curly and the whistleblower statute our Idaho Supreme Court likewise look to other jurisdictions to determine whether Idaho would adopt the McDonnell Douglas burden-shifting framework and when they look to other statutes they are to other states they largely look to federal courts the Lafond decision was a Second Circuit decision interpreting the Connecticut whistleblower claim Stevens was an Eastern District of Missouri case interpreting that state's whistleblower statute in both of those cases those courts found that when they were looking at the state whistleblower statute they would look to the federal anti-discrimination statutes for guidance on how to construe that and these are the cases that the Idaho Supreme Court cited to in curly as persuasive authority as to whether the state of Idaho should adopt the McDonnell Douglas burden-shifting framework I don't think it's a stretch to say that Idaho would likewise look to federal courts in terms of how to construe the causation standard for a whistleblower claim because they've always looked they've already looked at federal courts for just McDonnell Douglas itself the natural flow of that would be well if we get past McDonnell Douglas and we get to trial how do we construe the causation standard for whistleblower I think it's very likely that the Supreme Court would again look to federal statute particularly something like the title 7 retaliation claim and how do federal courts interpret that and if we're looking at that this court has said in Villa Remo it's a but for causation standard okay thank you I do want to touch very quickly upon the Brown in his appellant brief Bollinger has cited this asserting that in cases of retaliation the causation standard should only be some motive related to the protected activity we have to understand what Bollinger was Bollinger obviously and as counsel has conceded was not a state whistleblower claim it was rather a case that was brought under the public policy exception to the at will doctrine the plaintiff in that clay case that engaged in what she believed were protected activities in reporting I'm sorry recommending certain safety measures be taken by her employer who then she claims terminated her for it miss Bollinger then sued claiming this public policy exception to the at-will doctrine what the Idaho Supreme Court found in that case what the significant part of that did not have to do with any type of a causation standard it had to do with whether she had a case under the public policy exception to begin with and it found she did not public policy has to be grounded in statute or the Constitution somehow in order for that to come into effect the Idaho Supreme Court looked at that and said nothing that you did touches upon any statutory or constitutional expression of policy and thus it wasn't protected but as courts do sometimes the Idaho Supreme Court took it a step further because by the first step she had already lost but going a step further it says but even if you had engaged in these protected activities you did not present any evidence that it was linked to your termination it did not go into a causation standard it did not weigh anything it just simply said you have no evidence to show motivation in Van v. Portnuff which is cited in the briefing which is an Idaho State whistleblower claim the Idaho Supreme Court specifically accepted whistleblower claims from the public policy exception to the at will doctrine and thus Bollinger really has no application here there was no dealing with the causation standard and it's not a case that applies to the Whistleblower Act I would just submit to the court that there is nothing in the legislative history there's nothing in the language of the statute itself meaning the whistleblower claim that indicates that the state of Idaho the legislature meant for there to be anything other than the but but for causation by using the language because of in Hathaway the Idaho Supreme Court specifically looked at that phrasing in gross and said this is what but for means I'm sorry this is what because of means it means the but for causation I don't think there's any reason to believe the Idaho Supreme Court would do differently in this case here thank you very much thank you you have about a minute left thank you the statute doesn't say because of the statute says because the another distinguishing characteristic from this case in the federal cases that the city of Idaho continues to cite to because the I would submit is softer than because of and if we look at the Idaho Supreme Court case of curly that case set forth the prima facie elements of a whistleblower cause of action there are three elements the third element of course is a process causation problem and when it cites to that third element the Idaho Supreme Court makes express reference to those very sections of the statute that use the word because 6-2104 and 6-2105 parent for and the Supreme Court when announcing the elements of the prima facie case did not apply or instruct the four standard the third prong does not say that an employee must show adverse action would not have occurred but for the protected activity and so we submit that in this case where the Idaho legislature has designed the statute to protect the integrity of itself and the other public entities they're just not was brought up on motion summary judgment so the only issue was was there sufficient evidence so that a reasonable trier of fact could find that there was a causal connection that said the close relation in time between the discovery of her documentation and her termination supports the reasonable inference that she was discharged for that documentation is the only thing is missing in that is but but for judge bay in in the curly case they set forth the elements of a prima facie case under the Idaho whistleblower act 1 2 & 3 and if they thought that the because language in those statutes 6-2104 and 6-2104 parent 5 necessitated a but for standard it would be in that third prong of it the prima facie case that's where thank you thank you he's just are you with him submitted we are adjourned
judges: Kozinski, Rawlinson, Bea